

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Sharon Chavis v. George Bush

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2559

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sharon Chavis v. George Bush" (2008). *2008 Decisions.* Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-54                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2559
_____

SHARON CHAVIS,
Appellant

v.

GEORGE W. BUSH, is an individual and the President of the United States;
JOHN ASHCROFT, is an individual and is the Attorney General of the United States;
ROBERT J. MUELLER, is an individual and is Executive Director of the Federal
Bureau of Investigation; MELQUI DADES MARTINES, individually and as past
Executive director of the Department of Housing and Urban Development;
ALPHONSO JACKSON, an individual and Secretary of Housing and Urban
Development; JOANNE BARNHART, individually and as commissioner of Social
Security; CNA SURETY, is a bonding agency also known as WESTERN SURETY;
JACKSON HEWITT CORPORATION, Tax Service; JAMES MCGREEVEY,
is an individual; WILLIAM M. CONNOLLY, an individual and director of
Community Affairs; WILLIAM L. LIBERERA, is an individual and is
New Jersey Commissioner of the Department of Education; BAYONNE HOSPITAL;
SAMI KANAAN; DORENE KANAAN; LUIS E. PACHECO; PRESSLER &
PRESSLER; GERARD J. FELT; BROWN MICHAEL, individually and
Executive Director of FEMA; RICHARD CODEY, acting Governor of New Jersey
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-06130)
District Judge:  Honorable William H. Walls
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2008

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Sharon Chavis, proceeding pro se, appeals from the judgment of the United States District Court for the District of New Jersey entered on April 21, 2008.  For the reasons that follow, we will summarily affirm the judgment of the District Court

On December 15, 2004, Chavis filed a federal civil rights lawsuit against a litany of government defendants: William Connolly, Director of the Division of Codes and Standards, William Librera, Commissioner of the Department of Education, Richard Codey, former Acting Governor of New Jersey, and James McGreevey, former Governor of New Jersey (hereinafter "State Defendants"), and President George W. Bush, former Attorney General John Ashcroft, former Director of the F.B.I. Robert Mueller, former Executive Director of the Department of Housing and Urban Development Mel Martinez, Secretary of Housing and Urban Development Alphonso Jackson, Social Security Commissioner Jo Anne B. Barnhart, and former Executive Director of FEMA Michael Brown (hereinafter "Federal Defendants").  Additionally, Chavis named as defendants Bayonne Hospital, Sami Kanaan, Dorene Kanaan, and  Luis E. Pacheco, with whom Chavis was involved in state court litigation, and whose claims were remanded back to state court; CNA Surety a/k/a Western Surety Company, with whom Chavis stipulated

dismissal on September 15, 2006; and Jackson Hewett Corporation, Pressler & Pressler, and Gerard J. Felt, who never entered appearances in this case and do not appear to have ever been served with Chavis' original or amended complaint and, accordingly, never became parties. See U.S. v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

Chavis' lawsuit was based on her claims that, among other things, her federal and constitutional rights were violated because: (1) her daughter was denied access to public school; (2) she was denied a HUD section 8 housing certificate as part of a government conspiracy; (3) the FBI failed to investigate her allegations that she is the victim of a conspiracy; (4) she was stalked by government employees; and (5) government agencies failed to properly handle her housing problems following the September 11 attacks on the World Trade Center. Chavis filed a First Amended Complaint on February 8, 2006, clarifying her claims but failing to elucidate what actions any of the named defendants had taken against her. Both the State and Federal Defendants moved to dismiss and, after holding a hearing on the motions, the District Court granted the State Defendants' motion to dismiss with prejudice and the Federal Defendants' motion to dismiss without prejudice. Chavis appealed, and this Court dismissed the appeal for lack of jurisdiction based on the District Court's dismissal of Chavis' claims against the Federal Defendants without prejudice. See C.A. No. 06-3313 (Feb. 23, 2007).

On remand, the District Court issued an order clarifying its reasons for dismissing Chavis' complaint against the Federal Defendants without prejudice and allowing her a

3

second opportunity to amend her complaint. In short, the Court held that: (1) Chavis failed to provide any connection between her allegations and the specific defendants named; (2) the amended complaint was not properly served; (3) Chavis failed to state a claim under 42 U.S.C. § 1437(f), which does not provide for a private right of action except for recovery of rent and utility allowances, which Chavis did not seek; (4) Chavis failed to state a claim under 42 U.S.C. § 1983 because she did not allege that the Federal Defendants acted pursuant to state law; (5) to the extent Chavis sought to bring a tort claim pursuant to the Federal Tort Claims Act against the Federal Defendants, she failed to exhaust her remedies; and (6) to the extent Chavis sought to assert constitutional torts against the Federal Defendants, she failed to allege that any of them had personal knowledge or involvement in any action taken. Chavis filed a Second Amended Complaint on June 28, 2007. Concluding that Chavis failed to remedy any of the defects in her First Amended Complaint, the District Court dismissed the complaint against the Federal Defendants. By the same order, the District Court also denied Chavis' motion to recuse, holding that her claims of bias were based solely on the Court's rulings against her, and not on any extrajudicial factors. See Liteky v. United States, 510 U.S. 540, 555 (1994); Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004). Chavis timely appealed and was informed by Clerk's Order that this Court would consider whether summary action was appropriate.

4

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Because this appeal presents no "substantial question," we will summarily affirm the order of the District Court for all of the reasons set forth in the District Court's well-reasoned opinions.  See 3d Cir. LAR 27.4 & I.O.P. 10.6.  Appellees' motion for summary action is denied as moot.